IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO. 6:22-CR-00077-JDK-KNM |
| | § § § | |
| MICHAEL DAVID CRIDER, JR. (1) | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Withdraw Guilty Plea Pursuant to FRCP 11(d)(2)(A) (ECF 52). Having reviewed and considered the unopposed motion, it is recommended that the motion be **GRANTED**.

### Background

On June 8, 2022, a federal grand jury returned a 4-Count Indictment charging Defendant with two counts of Sexual Exploitation of Children a/k/a Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a) and (e), and two counts of Transportation of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1). Defendant entered a plea of not guilty to all counts on June 17, 2022. The Government subsequently filed a Notice of Plea Agreement on December 1, 2022. Pursuant to that notice, the Court conducted a change of plea hearing on January 5, 2023. At the hearing, the Court addressed Defendant in open court, placed him under oath, and advised him in accordance with FED. R. CRIM. P. 11(b)(1). The parties filed a signed plea agreement and Defendant entered a plea of guilty to Count 1 of the Indictment, charging a violation of 18 U.S.C. §§ 2251(a) and (e), Sexual Exploitation of Children a/k/a Production of Child Pornography. The plea agreement includes an agreed upon sentence pursuant to FED. R.

CRIM. P. 11(c)(1)(C) (ECF 30). Finding that Defendant made a knowing and voluntary plea of guilty supported by an independent basis in fact containing each of the essential elements of the offenses, the Court entered Findings of Fact and Recommendation on Guilty Plea Before the United States Magistrate Judge (ECF 33) on January 5, 2023, recommending that Defendant's plea of guilty be accepted and that Defendant be adjudged guilty of that offense. The parties waived their right to file written objections. The Court entered an Order on January 7, 2023, adopting the recommendation and Defendant's plea of guilty to Count 1, finding Defendant guilty of that count (ECF 37). The Court reserved acceptance of the plea agreement pending review of the presentence report.

The probation officer filed an initial disclosure of the presentence report on May 11, 2023. Counsel for Defendant subsequently filed a motion to withdraw, that was granted on May 17, 2023 (ECF 42). The Court appointed new counsel to represent Defendant and extended Defendant's deadline to file objections to the presentence report. No objections were filed to the presentence report and the probation officer filed a final presentence investigation report on June 21, 2023.

Defendant appeared for sentencing on August 2, 2023. At the sentencing hearing, after considering the presentence report, United States District Judge Jeremy D. Kernodle announced that he was rejecting the Rule 11(c)(1)(C) plea agreement.[1] Judge Kernodle advised Defendant on the record that, pursuant to Rule 11(c)(5), he has a right to withdraw his plea of guilty.[2] Defendant then filed this motion seeking to withdraw his guilty plea. Defendant states that the Government does not oppose the motion.

---

[1] Transcript, ECF 55, at *11.
[2] *Id*.

## Applicable Law

A plea agreement may specify an agreement that a specific sentence or sentencing range is an appropriate disposition of the case and that "recommendation or request binds the court once the court accepts the plea agreement." FED. R. CRIM. P. 11(c)(1)(C). If the court rejects the plea agreement, it must: "(A) inform the parties that the court rejects the plea agreement; (B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and (C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. R. CRIM. P. 11(c)(5). If the court rejects the plea agreement pursuant to Rule 11(c)(5), the defendant may withdraw his plea of guilty. FED. R. CRIM. P. 11(d)(2)(A).

## Analysis

At the scheduled sentencing hearing, the Court addressed Defendant in open court, rejected the plea agreement, and advised Defendant in accordance with FED. R. CRIM. P. 11(c)(5). It is within the Court's discretion to reject the plea agreement based on a belief that the agreed upon sentence is not justified. *United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir. 2005). Counsel for Defendant requested 14 days to make a decision concerning whether or not to withdraw the guilty plea, which the Court granted.[3] Within the requested time, Defendant filed his motion to withdraw his plea of guilty. Defendant may withdraw his plea of guilty pursuant to FED. R. CRIM. P. 11(d)(2)(A) and the motion should be granted.

---

[3] Transcript, ECF 55, at *12.

## RECOMMENDATION

It is accordingly recommended that Defendant's Motion to Withdraw Guilty Plea Pursuant to FRCP 11(d)(2)(A) (ECF 52) be **GRANTED**.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). The written objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 25th day of August, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE